IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**JERRY LEE ROLLINS**                                                                               **PLAINTIFF**

v.                                            **CIVIL No. 4:10-cv-4117**

**CAPTAIN JOHNNY GODBOLT** *et al.*                                             **DEFENDANTS**

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Jerry Lee Rollins, currently a resident of Bradley, Arkansas, filed this civil rights action under 42 U.S.C. § 1983. ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Paul K. Holmes, III, United States District Judge, referred this case the undersigned for the purpose of making a report and recommendation.

Now before this Court is the Motion to Dismiss filed by Defendants. ECF No. 23. Plaintiff has filed no response to the Motion to Dismiss.

**I.     Background**

On August 10, 2010, Plaintiff filed his original complaint alleging an illegal search and denial of medical care while housed in the Hempstead County Detention Center. ECF No. 1.

On December 20, 2010, Defendants filed a Motion to Compel. ECF No. 19. Defendants contended in their motion that on October 5, 2010, discovery was propounded to Plaintiff and Plaintiff failed to respond. ECF No. 19-1. On December 2, 2010, Defendants sent correspondence to Plaintiff requesting Plaintiff's past-due discovery responses be forwarded, and advised that if Plaintiff's responses were not forwarded by December 16, 2010, Defendants would file a Motion to Compel. ECF No. 19-2. Plaintiff did not so respond and Defendants filed their Motion to Compel. ECF No. 19.

Plaintiff has no response to the Motion to Compel, and the motion was granted by the

undersigned allowing Plaintiff until and including May 6, 2011, provide Defendants with the required responses to discovery. ECF No. 22. Defendants come now in the Motion to Dismiss, ECF No. 23, and state that Plaintiff has refused to provide Defendants with responses to their discovery requests, as Ordered by this Court. *Id.*

II.     **Applicable Law**

Pursuant to Federal Rule of Civil Procedure 37(b)(2), this Court is authorized to sanction a party when that party fails to obey a discovery order. One of the sanctions authorized is "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(v).

In the Eighth Circuit, a court should only impose the extreme sanction of dismissing a case in limited circumstances. In order to impose this sanction under Rule 37, the following three requirements must be met: (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party. *See Mems v. City of St. Paul, Dept. of Fire and Safety Serv.,* 327 F.3d 771, 779 (8th Cir. 2003) (citation omitted).

III.    **Discussion**

In the present action and as outlined above, Plaintiff has failed to respond to discovery requests made by the Defendants and Defendants are now seeking dismissal of this action. As noted above and in the previous order of the Court, there are three requirements for sanctions to be entered pursuant to Rule 37. First, there must be an order compelling discovery. *See Mems,* 327 F.3d at 779. On April 7, 2011, this Court entered an order compelling discovery. ECF No. 22. Thus, the first requirement of *Mems* is met. Second, there must be a willful violation of that order. *See Mems,* 327 F.3d at 779. Based upon Defendants' demonstration that they sent Plaintiff discovery responses in October of 2010, which were unanswered, ECF No. 19, and Plaintiff's failure to acknowledge the

Motion to Compel or the Motion to Dismiss, there is little dispute that Plaintiff has willfully failed to comply with discovery and with this Court's Order. The Court also notes that no mail has been returned to the Court, and thus it appears Plaintiff has had knowledge and adequate opportunity to respond.

Third and finally, Defendants must demonstrate prejudice. *See Mems,* 327 F.3d at 779. The Court finds prejudice has been established and dismissal of Plaintiff's Complaint against the Defendants, with prejudice, is warranted.

Courts in this circuit attempt to balance the egregiousness of the plaintiff's conduct against the severity of the sanction of dismissal, weighing the adverse effect of the plaintiff's conduct on the defendant and the administration of justice against the consequence of extinguishing a litigant's claim. *See, e.g., Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005). A finding of bad faith is not required, but rather the court must determine if the plaintiff acted intentionally, as opposed to accidentally or involuntarily. *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). A finding of prejudice is proper if the failure to participate in discovery "impairs an opponent's ability to determine the factual merits of a party's claim." *In re O'Brien*, 351 F.3d 832, 839 (8th Cir. 2003).

A finding of intentional or willful conduct justifying dismissal is dependent upon the particular facts of a given case. Courts have found a variety of conduct sufficiently willful to justify dismissal, including the willful failure to answer interrogatories, *Fox v. Studebaker-Worthington, Inc.*, 516 F.2d 989, 993 (8th Cir. 1975), conduct exhibiting a pattern of intentional delay, *Fletcher v. Southern Farm Bureau Life Ins. Co.*, 757 F.2d 953, 956 (8th Cir. 1985), a persistent failure to respond to discovery requests and disregard of a court's order requiring the production of discovery responses, *Edina Couriers, LLC v. UPS Mail Innovations*, 06-CV-2137 (PAM/JSM), 2008 WL 80000 (D. Minn. Jan.

4, 2008), and failure to comply with an order for a deposition, *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). While courts exercise caution in dismissing the claims of *pro se* plaintiffs, and *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, *pro se* plaintiffs are not excused from complying with court orders. *Leach v. Waterway Car Wash*, 217 Fed. Appx. 571 (8th Cir. 2007) (affirming dismissal of complaint pursuant to Rule 41(b), but finding that plaintiff's conduct did not arise to level of willful disobedience or intentional delay, the court modified the dismissal to be without prejudice).

It is the recommendation of the undersigned that prejudice has been established as to Defendants due to Plaintiff's unwillingness to obey Orders of this Court to complete discovery and that Defendants have been, and continue to be, impaired in their ability to determine the factual merits of Plaintiff's claims.

### IV.  Conclusion

Accordingly, it is the Report and Recommendation of the undersigned that Defendants' Motion to Dismiss, ECF No. 23, be **GRANTED** and Plaintiff's Complaint, ECF No. 1, be **DISMISSED with prejudice as to all Defendants.**

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636 (b) (1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**IT IS SO ORDERED** this **17th day of October 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE